IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX     ) | |
|      a/k/a ANTONE LA. KNOX,     ) | |
|      a/k/a ANTION L. KNOX,     ) | |
|      a/k/a ANTION LOMAND KNOX,) | |
|      a/k/a ANTONIO L. KNOX,     ) | |
|      ) | |
|      Petitioner,     ) | |
|      ) | |
| v.     ) | CIV-12-260-C |
|      ) | |
| RANDALL WORKMAN, Warden,     ) | |
|      et. al.,     ) | |
|      ) | |
|      Respondents.     ) | |

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, purportedly filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[1] and submitted an application to proceed *in forma pauperis* with his Petition.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Petitioner has named as respondents numerous state and federal officials, including Warden Workman, who is the Warden of Oklahoma State Penitentiary ("OSP") where Petitioner is incarcerated, Dr. Morgan, who is identified as the clinical coordinator of the mental health unit at OSP, and Oklahoma Department of Corrections ("DOC") Director

---

[1]Although Petitioner marked a box on the § 2241 form indicating he was seeking relief as a pre-trial detainee, Petitioner is a convicted felon serving a sentence for a term of imprisonment. http://www.doc.state.ok.us/offenders/offenders.htm (offender information accessed March 9, 2012).

Jones.  In ground one, Petitioner contends, as he has in previous habeas and civil rights cases[2]

filed in this Court, that he has been confined "illegally" in the mental health unit of OSP

beginning February 6, 2009, without a prior hearing or determination of mental illness.

Petition, at 11. In ground two, Petitioner contends that his First Amendment rights have been

violated because he has been denied his right to seek the redress of his grievances and his

right to indigent/free mail supplies.  In ground three, Petitioner asserts a duplicative claim

that he has been denied due process rights "in avoiding assignment [to and] involuntary

psychiatric transfer [to] supermax mental unit." Petition, at 10.  Petitioner also alleges his

rights under the Americans with Disabilities Act ("ADA") have been violated and that "false

psy [sic] reports, progress notes, etc." were submitted "in retaliation . . for filing two federal

lawsuits on them exposing their corruptions, racism, . . . beatings, rape of us african

prisoners." Petition, at 14.  Finally, Petitioner alleges that he is being subjected to "atypical

and significant hardship . . . in relation to ordinary incidents of prison life . . . ." Petition, at

17.  He has attached 137 pages of exhibits to the Petition.

I. Claims Not Cognizable in this § 2241 Proceeding

    Claims asserted in a habeas corpus proceeding pursuant to 28 U.S.C. § 2241 challenge

the execution of a sentence.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Petitioner's claims in grounds two and three that he has been denied his First Amendment

right to petition for redress of grievances or receive indigent/free mail supplies, that he has

_____

    [2]See Knox v. Morgan, Case No. CIV-10-1274-W; Knox v. Morgan, Case No. CIV-11-878-W; Knox v. Morgan, Case No. CIV-11-1455-M; and Knox v. Burke, CIV-11-1497-M.

been denied rights under the ADA, that prison officials have retaliated against him for constitutionally-protected activities, and that he has been subjected to "atypical and significant hardship" challenge the conditions of his confinement or federal statutory rights, and not the execution of his sentence.  As such, these claims are not cognizable in this § 2241 proceeding. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005)(distinguishing between § 1983 action and habeas action where "state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his terms of confinement.")(quoting Preiser v. Rodriguez, 411 U.S. 475, 482 (1973)); Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)(distinguishing between § 1983 actions which challenge a prisoner's conditions of confinement and a habeas corpus action which "is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement");   McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)(distinguishing between a habeas corpus proceeding which "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement" and a civil rights action which "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions")(quotation and citation omitted).  Accordingly, Petitioner's claims asserted in grounds two and three that challenge either the conditions of his confinement or whether his rights have been violated under the ADA should be dismissed upon filing without prejudice to a 42 U.S.C. § 1983 action.

II. <u>Involuntary Transfer by DOC to Prison Mental Health Unit</u>

In his remaining claims asserted in grounds one and three, Petitioner contends that his due process rights were violated when he was transferred from the general population area of OSP to the mental health unit at OSP without his consent, a hearing, or a prior determination of mental illness.  As relief, he asks to be "release[d] from M[ental] H[ealth] U[nit]." Petition, at 18.

This claim also fails to invoke this Court's authority under 28 U.S.C. § 2241.  The Tenth Circuit Court of Appeals has addressed a similar claim asserted by a prisoner who attacked his transfer by the United States Bureau of Prisons ("BOP") from a state prison to an ultra-maximum federal penitentiary. In <u>Boyce v. Ashcroft</u>, 251 F.3d 911 (10th Cir. 2001), *judgment vacated on rehearing*, 268 F.3d 953, (10th Cir. 2001), the circuit court extensively examined the distinctions between, on the one hand, 42 U.S.C. § 1983 actions and actions brought under <u>Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and, on the other hand, 28 U.S.C. § 2241 and 28 U.S.C. § 2254 habeas actions.  The court reasoned that a prisoner's claims must be brought under § 2241 or § 2254 when those claims challenge the fact or duration of the prisoner's custody by the incarcerating entity. <u>Boyce</u>, 251 F.3d at 918.  The court found that "[i]n contrast, in the case before [the court in <u>Boyce</u>], petitioner is a federal prisoner who is challenging the BOP's choice of prisons.  He does not challenge the fact or duration of his federal custody but rather his conditions of confinement.  His claim is therefore properly raised under *Bivens* and not in habeas." <u>Id.</u>  "In sum, Section 2241 . . . may not be used to challenge a prisoner's placement within a given

4

jurisdictional entity, such as the federal prison system.  Such an action must instead be brought under *Bivens* or Section 1983." Id.

Although the Tenth Circuit Court of Appeals later vacated its decision in Boyce on rehearing on grounds of mootness, the court subsequently found in an unpublished decision that "Boyce's reasoning remains persuasive and solidly supported by precedent." Antonelli v. Keffer, 243 Fed.Appx. 384, 386, 2007 WL 2007581, * 2 (10th Cir. July 12, 2007)(unpublished order).  In Antonelli, the court found that the petitioner was challenging his transfer from a medium to a maximum security facility and that he had "failed to allege a valid factual basis for a § 2241 petition." Id.

Petitioner's claim in grounds one and three seeks to challenge his transfer from one state prison to another unit, a mental health unit, of the same prison.  He expressly challenges the conditions of his present confinement and alleges that he is being kept in this unit of the prison as a result of retaliatory actions by prison officials.  His claim is therefore not cognizable under 28 U.S.C. § 2241, and he must instead bring this claim under 42 U.S.C. §1983.  Consequently, Petitioner's remaining claim in grounds one and three should be dismissed upon filing without prejudice to a 42 U.S.C. § 1983 action.

Petitioner may seek to raise the claims asserted herein in a § 1983 aciton.  However, Mr. Knox has a history of repetitive, frivolous civil rights filings in this Court. See Antone L.A. Knox v. Morgan, Case No. CIV-11-1455-M (Report and Recommendation entered December 16, 2011 (Doc. # 7) and Order and Judgment entered January 9, 2012 (Doc. # 9)). Indeed, Petitioner was previously informed by this Court that an identical claim, as well as

5

other claims challenging the conditions of his confinement at OSP, asserted in a previous 28

U.S.C. § 2254 petition must be filed under 42 U.S.C. § 1983 as a civil rights action.  See

Knox v. Morgan, Case No. CIV-10-1274-W (Report and Recommendation entered August

15, 2011 (Doc. # 17) and Order and Judgment entered September 8, 2011 (Doc. # 19)).  In

that case, the Court ultimately dismissed the petition as Petitioner failed to comply with this

Court's orders. On appeal, Petitioner urged that his claim "was properly brought under §2254

because he sought release from the mental health unit, into which he was placed without a

hearing or other process." Knox v. Morgan, 2012 WL 213283 (10th Cir. Jan. 25,

2012)(unpublished order).  The Tenth Circuit disagreed with Petitioner and upheld this

Court's decision because Petitioner was not challenging the fact or duration of his

confinement. Id. at * 1.  Thus, Petitioner is cautioned that if he should file a § 1983 action

raising the claims asserted in the instant Petition, he is required to comply with the filing

requirements of 28 U.S.C. § 1915(g).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED upon filing.  The parties are

advised of their respective right to file an objection to this Report and Recommendation with

the Clerk of this Court by      April 2nd     , 2012, in accordance with 28 U.S.C. § 636 and

Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would

waive appellate review of the recommended ruling. Moore v. United States of America, 950

F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___12th___ day of ___March___, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE